


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CV NO 04-00258 DAE-KSC |
| ) | CR NO 00-00183-09 DAE |
| Plaintiff, ) | |
| ) | FILED IN THE |
| vs. ) | UNITED STATES DISTRICT COURT |
| ) | DISTRICT OF HAWAII |
| ISMAEL ROCHA-MANZANAREZ, ) | JUL 29 2004 |
| ) | at 1 o'clock and 55 min |
| Defendant. ) | WALTER A.Y.H. CHINN, CLERK |
| ) | |

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Defendant's Motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255.

BACKGROUND

On February 8, 2001, Ismael Rocha-Manzanarez ("Defendant") pled guilty to conspiring to distribute cocaine (Count 1 of the Indictment) and to unlawful re-entry into the United States (Count 20 of the Indictment). On September 10, 2001, this court sentenced Defendant to a term of imprisonment of 78 months on Count 1 and Count 20, with the terms to be served concurrently. On September 19, 2001, the Judgment and Commitment Order was entered in this

case. On April 22, 2004, Defendant filed a Motion To Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. ("Defendant's Motion"). On July 8, 2004, the Government filed its Opposition To Defendant's Motion. ("Government's Opposition").

## STANDARD OF REVIEW

28 U.S.C. § 2255 ("Section 2255") provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (2000).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitations for a criminal defendant to file a § 2255 motion. U.S. v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000). Although the AEDPA was originally created as a remedy for prisoners in state court, the Ninth Circuit has recently applied AEDPA to federal prisoners. Id.

2

(stating that the court could "discern no reason to treat state and federal prisoners differently for the purposes of the limitations period").

The one-year period of limitations for § 2255 motions commences from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 (2000).

However, the Ninth Circuit has held that the one-year period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. U.S. Dist. Court for the Cent. Dist. Of Cal. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998), overruled on other grounds by Calderon v. U.S.

3

Dist. Court for the Cent. Dist. of Cal. (Kelley), 163 F.3d 530 (9th Cir. 1998) (citation and internal quotations omitted).

## DISCUSSION

Defendant argues that this court should grant his Motion because he was coerced to confess to his crimes after his attorney incorrectly informed him that if he signed the Plea Agreement, he would receive a term of imprisonment of 30 months for each count, to run concurrently. Defendant's Motion, at 5. Defendant further maintains that he pled guilty because he was under the impression that his attorney had pursued every possible opportunity to obtain the lowest possible sentence for him. Id. However, Defendant claims that, in actuality, his attorney did not attempt to secure a downward departure based upon Defendant's "super acceptance of responsibility" or because Defendant might have met the requirements of the "safety valve" provision. In addition, Defendant states that it may have been possible for his attorney to obtain an additional two to three point departure because Defendant agreed to his deportation; however, his attorney did not pursue this option. Id.

Defendant also contends that his conviction was improperly obtained due to the federal prosecutor's unconstitutional failure to disclose to Defendant all of the evidence that was favorable to him. Moreover, Defendant appears to allege

4

that the Government used to its advantage the fact that Defendant cannot read or write the English language, and it failed to provide Defendant with the most beneficial plea agreement that he could have received. Id. Finally, Defendant maintains that the court should grant his Motion because he was denied effective assistance of counsel. Id.

As the Government points out, a criminal conviction becomes final after the expiration of the period in which a defendant could file a petition for certiorari expires. U.S. v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001); Government's Opposition, at 3. The Government states that Defendant did not appeal his conviction or sentence to the Ninth Circuit of Appeals. Id. at 3-4. Consequently, the Government argues that in the instant case the Defendant's "conviction has long been final." Id. at 4. Furthermore, the Government contends that the one-year period of limitations for Defendant to file his § 2255 Motion expired before Defendant filed his Motion. Id. at 4.

As this court concludes that the one-year period of limitations has expired in this case, this court must determine whether equitable tolling should apply to Defendant's Motion. In order to determine whether a petitioner is entitled to equitable tolling, the court must "decide if it is possible for him to demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file

5

a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" United States v. Battles, 2004 WL 615242, at *2 (9th Cir. March 30, 2004) (quoting Laws v. A.A. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)). The court recognizes that the Ninth Circuit has made clear that courts should only apply equitable tolling in limited circumstances. The Ninth Circuit, has instructed district courts to "take seriously Congress's desire to accelerate the federal habeas process" and to "only authorize extension when this high hurdle is surmounted." Calderon, 128 F.3d at 1288-89.

In the instant case, the court finds that Defendant has not established that it would have been impossible for him to file his petition on time or that there were any extraordinary circumstances that would explain his untimeliness. Defendant has not offered, nor does the record reveal, any circumstances that would have prevented him from filing his motion before the period of limitations expired.

The court notes that the Government has also argued that this court should deny Defendant's Motion because Defendant waived his right to collaterally attack his sentence when he signed the Plea Agreement. As this court must deny Defendant's Motion because Defendant did not file his Motion within the one-year period of limitations, the court does not consider this argument.

## CONCLUSION

For the reasons stated above, the court DENIES Defendant's Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, JUL 2 9 2004.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

United States of America v. Ismael Rocha-Manzanarez, CV No. 04-00258 DAE/KSC; CR. NO. 00-00183 DAE; ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255